## Commonwealth ex rel. v. Tremont Township School Directors

*Cyril C. Kilker*, for plaintiff.

*J. W. Seesholtz* and *H. O. Bechtel*, for defendant.

HOUCK, J., July 27, 1936.—It is alleged in the petition on which the writ issued that Arthur H. Harvey is a resi-

dent taxpayer of the School District of Tremont Township, which is a school district of the fourth class; that at a regular meeting of the board of school directors held on February 26, 1936, Harvey, by his agents and representatives, made a request in writing to the board of school directors for the inspection of the accounts and records of proceedings of the board and its officers; that the request was referred by the school board to its solicitor, who advised the board that Harvey, his agents or representatives had the right to examine the said records; that notwithstanding said advice the school board refused and continues to refuse an inspection of said records; and that repeated requests for inspection of the records have been made since, all without avail. The petition is signed by the district attorney and verified by F. A. Lalley. The school directors moved to quash the writ, assigning seven reasons as follows: (1) The petition does not state at whose instance or for whose benefit the action is brought; (2) and (3) it is not alleged in the petition that the school board took any official action refusing permission to inspect its records; and the other reasons question the right of F. A. Lalley to verify the petition.

The basis of the petition is section 319 of the School Code of May 18, 1911, P. L. 309, as amended by the Act of May 29, 1931, P. L. 243. This section provides, inter alia:

"The accounts, records of proceedings of the board of every school district of the third and fourth class, and of their officers, shall be open to the inspection of any taxpayer thereof, his, her, or its agent or representative, upon request therefor in writing to the board of school directors at a regular meeting."

The respondents argue, although the question is not raised in the motion to quash, that Harvey must be the plaintiff and that it is improper to bring the action in the name of the Commonwealth. If the injury to be redressed is public in its nature, even though there is an injury to a private party in common with the whole public, the

private party may not obtain redress in his own name. It is only when a private party suffers a special private damage or injury differing in kind and not alone in degree from that suffered by the people at large that he has such a specific legal right as may be enforced by mandamus: Commonwealth, ex rel., v. Mathues, 210 Pa. 372, 376. The right to inspect the records is given to every taxpayer of the district. The duty to make them available for inspection is a public duty. Consequently the duty is properly enforced on the relation of the district attorney: Tobin v. Doyne, 25 Schuyl. L. R. 123, 128.

The fact that the petition is verified by F. A. Lalley is of no moment. The petitioner, being the district attorney, is not familiar with the facts. The Mandamus Act of June 8, 1893, P. L. 345, sec. 2, simply requires that the petition be verified by affidavit. In this respect the petition meets the statutory requirement: Commonwealth, ex rel., et al. v. Burgess and Town Council of Borough of Norristown, 39 Montg. 211, 213.

The first reason assigned in support of the motion is clearly without merit. The petition shows on its face that Arthur H. Harvey, a taxpayer of the school district, demanded the right to inspect the records. The same comment applies to the second and third reasons. The petition shows that the request for the inspection was made in writing at a regular meeting of the board as required by the statute. It also shows continued noncompliance with the request. The respondents' ingenious argument is that a writ of alternative mandamus was improperly issued since the petition shows that the request was made and refused. Therefore, according to the argument, the defendants have acted and it would be useless to mandamus them to act. If it be conceded that they acted, it must be conceded that they acted contrary to the mandate of the statute, and the alternative writ requires them to act in accordance with the provisions of the statute or, in default thereof, to show cause why they

have not done so. The defendants may not complain because an alternative instead of a peremptory writ was issued.

Finally, the defendants argue that the petition does not show any official action by the school board refusing to permit an inspection of the records. The petition shows that everything required of the taxpayer by the statute has been done and it shows further the school board's refusal upon repeated requests to permit an inspection of the records. The petition clearly states a case for remedial action by mandamus.

The motion to quash must be overruled and defendants will be required to make return to the writ.

And now, July 27, 1936, the motion to quash the writ is overruled and defendants are allowed 15 days from this date in which to file a return to the writ.